UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AUSTIN,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT BROWN, et al.,<br><br>        Defendants. | Case No.: 18-cv-00600-WQH-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR JUDICIAL NOTICE AND STAY; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTIONS FOR JUDICIAL NOTICE AND APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 21, 23, 28]** |

Before the Court is Plaintiff James Austin's motion for judicial notice and stay (ECF No. 21) and motions for judicial notice and appointment of counsel (ECF Nos. 23, 28).[1] Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") and filed this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

---

[1] Plaintiff's second motion for judicial notice and appointment of counsel (ECF No. 28) is identical to Plaintiff's first motion for judicial notice and appointment of counsel (ECF No. 23).

1

For the reasons set forth below, Plaintiff's motion for judicial notice and stay is **DENIED**, and Plaintiff's motions for judicial notice and appointment of counsel are **GRANTED in part and DENIED in part**.

## I. MOTION FOR JUDICIAL NOTICE AND STAY

Plaintiff requests that the Court indefinitely stay this action "to allow him to resolve the denial by prison authorities to access to the court." (ECF No. 21 at 1.) Specifically, Plaintiff argues that he has sent "multiple requests to correspond with inmates David Faunce, Andrew Cejas, and Patrick Pawlicki who are 'jailhouse lawyers'" [and] who have assisted [him] in preparing this action," but RJDCF has denied his requests. (*Id.* at 1–2.)

A "district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "the proponent of a stay bears the burden of establishing its need." *Id.* at 708. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962)). In considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, Plaintiff fails to meet his burden of establishing that a stay of this action is warranted in light of any of the above factors. Additionally, Plaintiff's reason for requesting a stay appears somewhat ingenuine. Plaintiff argues that a stay is necessary because RJDCF has denied his requests to communicate with the three inmates who provide him with legal assistance. (ECF No. 21 at 1–2.) However, Plaintiff attached to his motion a Request for Correspondence Approval Form ("CDCR 1074") to communicate

with inmate Patrick S. Pawlicki that is marked "approved."[2] (*Id.* at 11.) Plaintiff also attached two CDCR 22 forms wherein he requested that RJDCF process his CDCR 1074 forms. (*Id.* at 7–8.) RJDCF staff approved both CDCR 22s and agreed to process Plaintiff's CDCR 1074s. (*Id.*) Although Plaintiff may in fact be experiencing trouble communicating with these three inmates, the documents he attached to his motion demonstrate otherwise. As Plaintiff has not met his burden of establishing that a stay of this action is warranted, Plaintiff's request is **DENIED**.[3]

Additionally, Plaintiff titles his motion "Motion for Judicial Notice and Stay and Abeyance to Resolve Denial of Access to Counsel and Court" but does not explain what fact or facts he would like the Court to judicially notice. To the extent Plaintiff is requesting that the Court take judicial notice of his allegations that RJDCF has denied his requests to communicate with the three above-identified inmates, these are facts subject to reasonable dispute, and thus, the Court may not take judicial notice of them. *See* Fed. R. Evid. 201. Any such request by Plaintiff is therefore **DENIED**.

## II.   MOTION FOR JUDICIAL NOTICE AND APPOINTMENT OF COUNSEL

Also before the Court are Plaintiff's motions for judicial notice and appointment of counsel. (ECF Nos. 23, 28.) Plaintiff requests that the Court appoint him counsel, stating that he was previously appointed counsel in *Austin v. Walker, et al.*, 16-cv-02088-CAB-

---

[2] Plaintiff also attached to his motion a CDCR 1074 form to communicate with inmate Andrew Cejas that is marked neither approved nor denied. (ECF No. 21 at 10.)

[3] Plaintiff cites to *Johnson v. Avery*, 393 U.S. 483 (1969) for the proposition that "the use of [inmate] assistance has been declared . . . constitutionally protected by the U.S. Supreme Court." (ECF No. 21 at 1–2.) Plaintiff appears to argue that his constitutional right of access to the courts includes the unfettered right to receive legal assistance from other inmates. (*See id.*) In *Johnson*, the Court invalidated a state prison regulation that prohibited inmates from providing legal assistance to other inmates but also recognized that "the state may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to abuse both the giving and the seeking of assistance in the preparation of actions for relief." 393 U.S. at 490. The Court further noted that where prison officials provide inmates with reasonable legal assistance, the officials may prohibit inmates from giving other inmates legal assistance. *See id.* Additionally, the Court has held that inmates do not have a freestanding constitutional right to provide legal assistance to other inmates. *Shaw v. Murphy*, 532 U.S. 223 (2001).

JLB (S.D. Cal.) ("*Austin v. Walker*"). (ECF No. 23 at 1.) Plaintiff argues that "the conditions [in that case] are still present to qualify for the 'exceptional circumstances'" standard. (*Id.*) Plaintiff also argues that the Court should appoint him counsel "due to the conditions" identified in Plaintiff's motion for judicial notice and stay, *i.e.*, his difficulties in communicating with the three inmates who provide him with legal assistance. (*Id.*) Plaintiff further contends that because the law library at RJDCF is "often closed on short notice," he is "extremely prejudiced and disadvantaged." (*Id.*)

Typically, a plaintiff is not entitled to counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Although 28 U.S.C. § 1915(e)(1) permits a court to appoint an attorney "for any person unable to afford counsel," a court may only do so under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). In determining whether exceptional circumstances exist, a court must evaluate the plaintiff's likelihood of success on the merits and ability to articulate his claims *pro se* "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these two factors are dispositive, and thus, the Court must view them together. *Id.*

Here, Plaintiff has failed to demonstrate that exceptional circumstances warranting the appointment of counsel are present. As an initial matter, and as the Court has once before explained (*see* ECF No. 19 at 2), whether Plaintiff was appointed counsel in a prior case has no bearing on whether appointment of counsel is appropriate in this case. Moreover, Plaintiff erroneously contends that the exceptional circumstance that led the court to appoint him counsel in *Austin v. Walker* is likewise present here. In *Austin v. Walker*, Plaintiff was appointed counsel for purposes of representation at trial, as neither party had moved for summary judgment at the end of discovery (*see* ECF No. 23 at 6); that exceptional circumstance is not present here.

///

With respect to Plaintiff's likelihood of success on the merits, it is unclear at this stage of the proceedings whether Plaintiff will ultimately succeed, and Plaintiff has not set forth any evidence demonstrating the likelihood of his success. *See Rademaker v. Paramo*, No.: 3:17-cv-02406-BTM-JLB, 2018 WL 3303172, at *1 (S.D. Cal. July 2, 2018) ("If a plaintiff fails to provide any evidence supporting his likelihood of success on the merits, he fails the first *Wilborn* factor." (citing *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993))). Additionally, this case is in the early stages of discovery, as Defendants have only just answered the complaint. *See Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel because it was too early to determine whether any of the plaintiff's claims would succeed). Although some of Plaintiff's claims survived Defendants' Motion to Dismiss, the Court specifically noted in its order on the motion that "a resolution of the factual issues may well relieve [Defendants] of any liability in this case" (ECF No. 24 at 12 (alteration in original)). *See also Rademaker*, 2018 WL 3303172, at *1 ("Allegations made in pleadings, without further corroborating evidence presented thereafter, are insufficient to demonstrate the likelihood of success at trial." (citing *Bailey*, 835 F. Supp. at 552)).

Furthermore, Plaintiff has shown that he is able to articulate his claims *pro se* and has sufficiently represented himself on several occasions in this case. In addition to the instant motion, Plaintiff has filed a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 3), two requests for an extension of time to oppose Defendants' Motion to Dismiss (ECF Nos. 16, 18), and a motion for judicial notice and stay (ECF No. 21). Moreover, Plaintiff's complaint survived initial screening and Defendants' Motion to Dismiss. (*See* ECF Nos. 5, 24.) After a review of these documents, the Court finds that Plaintiff is capable of proceeding without counsel.[4] Despite Plaintiff's argument that he

---

[4] Plaintiff's reliance on other inmates for assistance in drafting his filings (*see* ECF No. 21 at 1) does not alter this analysis. *See, e.g.*, *Williams v. Kernan*, 2019 WL 1099842, at *3 (S.D. Cal. Mar. 8, 2019); *Montano v. Soloman*, No. 2:07–cv–0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010).

does not have adequate access to a law library,[5] he has successfully litigated his case to date. *See also Phillips v. Janda*, No. 13cv0567 BTM (JLB), 2014 WL 5847430, at *2 (S.D. Cal. Nov. 12, 2014) (denying motion for appointment of counsel despite the plaintiff's argument that he had "limited access to adequate law library facilities"). Because Plaintiff has not met the exceptional circumstances required for appointment of counsel, Plaintiff's request is **DENIED**.

Additionally, Plaintiff appears to again request that the Court take judicial notice of the fact that he was appointed counsel pursuant to 28 U.S.C. 1915(e)(1) in *Austin v. Walker*.[6] (ECF No. 23 at 1.) The Court has already taken judicial notice of this fact (ECF No. 19 at 2) and will do so again. Plaintiff's request is therefore **GRANTED**. To the extent Plaintiff also requests that the Court take judicial notice of the facts underlying the court's decision to appoint him counsel in *Austin v. Walker*, the Court again reminds Plaintiff that it cannot do so. (*Id.*) Accordingly, any request for such is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 7, 2019

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[5] Prison officials must provide inmates with meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Meaningful access requires prison officials to provide "adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. Prison officials are not, however, required to provide unlimited access to prison law libraries, but rather may regulate the use of the library to ensure the security of the facility. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). Thus, prison officials may regulate the "time, manner, and place in which library facilities are used" and may place reasonable restrictions on library access to preserve the secure and orderly operation of the prison facility. *Id.*

[6] Plaintiff titles his motions "Motion for Appointment of Pro Bono Counsel, Request for Judicial Notice of Prior Counsel in a Previous Case . . ." but does not explicitly state what facts he would like the Court to judicially notice.